This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                     **No. A-1-CA-36794**

**DOMEKIO BLACKWELL,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Cindy Leos, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
William A. O'Connell, Assistant Public Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**VIGIL, Judge.**

{1}     Defendant Domekio Blackwell appeals his conviction for aggravated burglary.

We issued a notice of proposed summary disposition proposing to affirm, and

Defendant has responded with a memorandum in opposition. We have carefully considered the memorandum but continue to believe that affirmance is warranted in this case. Therefore, for the reasons set out below and in our notice of proposed summary disposition, we affirm.

{2}    Defendant argues there was insufficient evidence to establish that he was the person who entered the house where Victim was staying, hit Victim, then returned with a sledge-hammer and threatened Victim. [MIO 1-2, 4-6] However, Defendant acknowledges that Victim identified him in court as the person who committed these acts. [Id. 1] This testimony alone was sufficient to allow the jury to conclude that Defendant committed the alleged acts. *See, e.g.*, *State v. Verdugo*, 2007-NMCA-095, ¶ 27, 142 N.M. 267, 164 P.3d 966 (relying mainly on the victim's testimony to affirm the defendant's conviction for robbery). To the extent Defendant asks this Court to re-weigh the evidence and discount Victim's testimony, we will not do so. *See State v. Garcia*, 2011-NMSC-003, ¶ 5, 149 N.M. 185, 246 P.3d 1057.

{3}    Defendant requests that we issue a published opinion if we intend to place a burden on trial counsel to ensure that jury instructions have been made part of the record proper prior to counsel's preparation of a docketing statement. [MIO 4] Our notice was not intended to create such a burden; however, we do note that if a defendant plans to challenge some aspect of the jury instructions, it is Defendant's

burden to bring up a record sufficient to allow us to review that challenge. *State v. Jim*, 1988-NMCA-092, ¶ 3, 107 N.M. 779, 765 P.2d 195. This may be done via a motion to supplement the record if the fact that material is missing from the record has not been noticed at a prior time.

{4}     Based on the foregoing as well as the discussion in our notice of proposed summary disposition, we affirm Defendant's conviction.

{5}     **IT IS SO ORDERED.**


_____
                                        **MICHAEL E. VIGIL, Judge**


**WE CONCUR:**


_____
**M. MONICA ZAMORA, Judge**


_____
**EMIL J. KIEHNE, Judge**